**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ORLANDO CASTILLO ALEMAN,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER.,

Respondent.

No. 1:26-cv-03988 JLT EPG (HC)

A-Number: 021-463-172

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 13)

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 6, 2026, the magistrate judge issued findings and recommendations that the petition for writ of habeas corpus be granted and Respondents be directed to immediately release Petitioner. (Doc. 13.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) The Court further warned the parties "that failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 12, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) To date, no objections have been filed, and the time for doing so has passed.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and proper analysis in part. The Court agrees that

Petitioner's detention has exceeded the six months authorized by 8 C.F.R. § 241.13(i)(1) in light of Petitioner's pre-detention arrest for petit theft. (*See* Doc. 13 at 8–9.)[1] In addition, the Court agrees with the magistrate judge that Respondents have failed to demonstrate that they are likely to be able to remove Petitioner, a citizen of Cuba, in the reasonably foreseeable future. (*Id*. at 9.) Though Respondents claim to be pursuing third country removal to Mexico, they have failed to explain how they can effectuate such a removal without Petitioner's consent. *See Cruz v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-05760 JLT EPG (HC), 2026 WL 2582421, at *2 (E.D. Cal. Sept. 1, 2026).[2]

Therefore, despite Petitioner's significant criminal record, it appears that Respondents have failed to take any serious action to remove Petitioner, or to explain their intentions. Because Respondents have failed to demonstrate that removal is reasonably foreseeable, the Court has no choice but to find that Petitioner can no longer be detained and must be released on appropriate conditions of supervision.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on October 6, 2026 (Doc. 13) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Respondents are directed to **IMMEDIATELY RELEASE** Petitioner from custody under appropriate conditions of supervision.
4. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner pursuant to 8 C.F.R. § 241.13(i)(2) unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.[3]

---

[1] The Court declines to address the alternative ground based upon the failure of Respondents to provide an informal interview. (Doc. 13 at 5–8.)

[2] This assertion, made repeatedly in numerous cases notwithstanding this Court's prior rulings regarding the likelihood of effectuating a third country removal to Mexico without the non-citizen's consent, effectively amounts to an admission that Respondents have no practical plans for removal.

[3] This does not preclude Respondents from re-detaining Petitioner for an additional six months pursuant to

5. The Clerk of Court is directed to serve the California City Detention Center with a copy of this Order.
6. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _October 23, 2026_

UNITED STATES DISTRICT JUDGE

8 U.S.C. § 241.13(i)(1) should Petitioner once again violate the terms of his release.